UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES R. BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 12-1473 |
| ) | |
| JEFF STOLZ, RYAN SMITH, NATHAN ) | |
| UJINKSKI, JOHN DOE #1, JOHN DOE #2,) | |
| JOHN DOE #3, JOHN DOE #4, ) | |
| JOHN DOE #5, ROBERT HUSTON, ) | |
| CHRIS MCKINNEY, THE CITY OF ) | |
| PEKIN, THE COUNTY OF TAZEWELL ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendants Robert Huston, in his official capacity, and County of Tazewell's ("Defendants") Motion to Dismiss [59]. This matter has been fully briefed and this Order follows.

### BACKGROUND

This 42 U.S.C § 1983 action arises from an incident that took place in Pekin, Illinois on December 10, 2011. Plaintiff James Banks ("Banks") alleges Defendant Officers used excessive force by using a Taser on him during a traffic stop in violation of his Eighth Amendment rights. Specifically, Banks alleges officers pulled him over and told him to place his hands outside of the window of the vehicle he was driving. Banks alleges he complied and then was immediately pulled from his vehicle and Tased. Banks filed a complaint, amended on February 21, 2014, alleging Defendants violated 42 U.S.C. § 1983.

## DISCUSSION

**1.    Legal Standard**

Court have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." <u>Bell Atlantic Corp. v. Twombly, 127 S.Ct.</u> 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." <u>Id.</u>; <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984); <u>Lanigan v. Village of East Hazel Crest</u>, 100 F.3d 467 (7th Cir. 1997); <u>M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.</u>, 62 F.3d 967, 969 (7th Cir. 1995); <u>Early v. Bankers Life & Cas. Co.</u>, 959 F.2d 75 (7th Cir. 1992).

**2. Analysis**

**<u>Defendant Huston/Tazewell County Sheriff's Department</u>**

Banks seeks to hold Robert Huston, in his official capacity as Tazewell County Sheriff, vicariously liable for the conduct of Officer McKinney, through *respondeat superior*. A suit against a government official acting in his official capacity is only "another way of pleading an

action against an entity of which the officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978). Here, Tazewell County Sherriff's Department is Huston's employer; therefore, the suit should have been brought against the Sherriff's Department. Accordingly, Defendants' Motion to Dismiss as to Defendant Huston is granted.

Should Banks move to amend his complaint to join Tazewell County Sheriff's Department as a defendant, that request will be denied. To state a claim pursuant to § 1983 against a government entity, a plaintiff must allege sufficient facts to suggest that the unconstitutional and illegal acts were done pursuant to a governmental custom or policy. Bennett v. Roberts, 295 F. 3d 687, 699 (7th Cir. 2002); B.H. v. Johnson, 715 F. Supp. 1387, 1398 (N.D. Ill. 1989). A municipal entity may not be held liable for the acts of individual members of its police force solely on a theory of *respondeat superior*. Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978); Gossmeyer v. McDonald, et al., 128 F.3d 481, 494 (7th Cir. 1997), *quoting* Livadas v. Bradshaw, 512 U.S. 107, 114 S.Ct. 2068 (1994); Lanigan v. Village of East Hazel Crest, Illinois, 110 F.3d 467, 478 (7th Cir. 1997), *citing* Monell, 98 S.Ct. at 2036. Rather, "a plaintiff must establish that the constitutional deprivation resulted from either an official policy of the municipality or from a governmental custom or usage, even if such custom was not formally approved by the municipality." Sams v. City of Milwaukee, Wisconsin, 117 F.3d 991, 994 (7th Cir. 1997), *citing* Monell, 98 S.Ct. at 2035-36. It must also be shown that the persistent or pervasive policy in question was the proximate cause of the alleged constitutional injury. Sams, 117 F.3d at 994; Cornfield by Lewis v. School District No. 230, 991 F.2d 1316, 1324 (7th Cir. 1993).

Here, Banks states that Huston in his official capacity, and therefore the Tazewell County Sheriff's Department as well, is reliable [sic] because "this has repeatedly happened on his watch

over the years." (Response, Docket Entry No. 24). As the allegations in Banks' Complaint do not come close to establishing that an official custom or policy existed, even after all reasonable inferences are drawn in his favor, the Court must conclude that allowing Plaintiff to amend his complaint to join Tazewell County Sheriff's Department as a defendant would be futile as relief against the Sheriff's Department is not possible under any set of facts that could be established consistent with the allegations that have been pled in Banks' Amended Complaint.

**Tazewell County**

Tazewell County was also named as a Defendant in Plaintiff's Complaint. Banks included Tazewell County because the incident "happened in Tazewell County therefore their [sic] responsible for their [sic] employees [sic] actions." As previously stated, Tazewell Sheriff's Department employs the sheriffs and deputies involved in this incident, not Tazewell County. A county cannot be held liable for an incident just because it happened within its geographical boundaries. Accordingly, Defendants' Motion to Dismiss as to Tazewell County is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [59] is GRANTED. Robert Huston and County of Tazewell are TERMINATED as parties to this action. As the Motion to Dismiss was not brought on behalf of all named Defendants, what remains of this case is referred to Magistrate Hawley for further proceedings.

Entered this 3rd day of December, 2014.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge