IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES R. BANKS,<br>    Plaintiff,<br><br>v.<br><br>JEFF STOLZ, et al.,<br>    Defendant. | Case No. 1:12-cv-01473-JES-JEH |

**Order**

Now before the Court are the Plaintiff's Motion to Compel – Motion for Extension of Discovery (Doc. 98) and Motion to Supplement Complaint and to Add Defendants (Doc. 99). The Defendants filed a Response (Doc. 100) to Plaintiff's Motion to Supplement Amended Complaint, but did not file a response to the Plaintiff's Motion to Compel – Motion for Extension of Discovery. For the reasons set forth below, the Plaintiff's Motion to Compel – Motion for Extension of Discovery is granted in part and moot in part, and the Motion to Supplement Complaint and to Add Defendants is denied in its entirety.[1]

**I**

The Plaintiff filed his original Complaint pursuant to 42 USC § 1983 on November 19, 2012 (Doc. 1) alleging that he was subject to excessive force during a traffic stop in Pekin, Illinois on December 10, 2011. In his original Complaint, the Plaintiff named ten John Doe Defendants, and listed five of the Doe Defendants' job titles as "Pekin Police Dept." See (Doc. 1). The Court held a

---

[1] The Court will first address the Motion to Supplement Complaint and to Add Defendants as that Motion must be resolved before the Court can address the Plaintiff's requests for relief in his Motion to Compel – Motion for Extension of Discovery.

1

Rule 16 Scheduling Conference on July 12, 2013 and set the discovery schedule in this matter. While discovery was ongoing, on November 14, 2013, the Plaintiff filed a Motion to Amended [sic] Pleading, seeking to amend his Complaint to include the Sheriff of Tazewell County, Roger Huston [sic]. See (Doc. 31). On December 16, 2013, the Court entered an order denying the Motion to Amend, explaining that the Plaintiff failed to include information about who the additional defendant would be or what the claim against that new defendant would entail. The Court explained that the Plaintiff had leave to file a renewed motion for leave to amend his complaint, and that he needed to set out the information regarding who the new defendant was and what the claim against that new defendant would entail. See (Doc. 33). On January 24, 2014, the Plaintiff filed another Motion to Amend Pleading, seeking to amend his Complaint to include Sheriff's Deputy Chris McKinney and Sheriff Roger Houston [sic]. See (Doc. 37). On January 29, 2014, the Court entered an order granting the Plaintiff's Motion to Amend (Doc. 37) and also vacated the current discovery schedule as a result of granting the Motion to Amend and matters mentioned in the Defendants' Motion for Enlargement of Time to complete discovery. See (Doc. 39). The Plaintiff finally filed his Amended Complaint (Doc. 41) which is the controlling version of the Complaint in this case.

After the newly added Defendants were served and appeared in the case, the Court held a second Rule 16 Scheduling Conference on August 7, 2014 and set the new discovery schedule in this case. Included in that schedule were an amendment of pleadings deadline and a deadline for filing motions to join additional parties of August 15, 2014, and a close of discovery deadline of January 9, 2015. On August 14, 2014, the Plaintiff filed a Motion for Permission to Supplement My Complaint and to Join Parties to Add 2 New Plaintiffs and Add 2 Knew [sic] Defendants. (Doc. 77). In that Motion, the Plaintiff sought to

add as plaintiffs in this case his two-year-old son, J.B., and his son's mother/the Plaintiff's girlfriend, Felicia McCreary. On September 10, 2014, the Court denied the Plaintiff's Motion for Permission based upon futility. See (Doc. 80).

Most recently, on December 29, 2014, the Plaintiff filed his fourth Motion to Supplement Complaint to Add Defendants (Doc. 99) seeking to amend his Complaint to include the real names of the John Doe Defendants. In their Response to the Motion to Supplement, Defendants Stolz, Smith, Ujinski, and the City of Pekin argue that the deadline for the Plaintiff to add additional parties has passed, and there is no good cause to allow him to further amend to add additional defendants at this time. The Defendants also argue that allowing the Plaintiff to amend would be prejudicial to them, and any new claims against the newly-named individual defendants would be barred by the applicable two year statute of limitations. In his Reply, the Plaintiff argues that if he knew there was a deadline to add defendants, he would have added them the last time he amended his complaint. He argues that it would be highly prejudicial if he is not allowed to put the John Does on the stand to testify, and he asks the Court not to hold him to the same standard as an attorney.

## II

Federal Rule of Civil Procedure 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires." FRCP 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v Stryker Corp*, 630 F3d 546, 562 (7th Cir 2010) (citations omitted). Here, the Plaintiff's Motion to Supplement Complaint is denied because it would be futile for him to make the amendments he seeks.

3

The Defendants challenge the Plaintiff's request to amend, in part, on statute of limitations grounds. The limitations period applicable to the Plaintiff's Section 1983 cause of action is two years. *Woods v Illinois Department of Children and Family Services*, 710 F3d 762, 768 (7th Cir 2013) (explaining that the limitations period applicable to all Section 1983 claims brought in Illinois is two years as provided in 735 ILCS 5/13-202). Because the Defendants make such a challenge, the Court must consider Federal Rule of Civil Procedure 15(c). FRCP 15(c) provides in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when . . .
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(3). The Seventh Circuit has made clear that Rule 15(c)(3) has been interpreted to "permit an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v One Unknown Federal Correctional Officer*, 201 F3d 910, 914 (7th Cir 2000) (collecting cases). The mistake requirement is an independent requirement. Id, citing *Baskin v City of Des Plaines*, 138 F3d 701, 704 (7th Cir 1998). Moreover, the Seventh Circuit has "consistently held that Rule 15(c)(3) does not provide for relation back under circumstances . . . in which the plaintiff fails to identify the proper party." *King*, 201 F3d at 914; *Baskin*, 138 F3d at 704 (finding that the

4

plaintiff's amendment finally naming the officer did not relate back to the filing of his original complaint where he simply originally did not know the officer's identity, and thus his amended complaint against the officer was properly dismissed as the statute of limitations had expired). Rather, Rule 15(c)(3) allows relation back only to correct the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant. *King*, 201 F3d at 914, citing *Donald v Cook County Sheriff's Department*, 95 F3d 548, 560 (7th Cir 1996) and *Lojuk v Johnson*, 853 F2d 560, 562-63 (7th Cir 1988).

Here, the Plaintiff did not make a mistake in originally naming the John Doe officers as Defendants, he simply did not know their actual identities at the time he filed his original Complaint. Thus, under the authority cited above, the Plaintiff cannot avail himself of relation back under Rule 15(c)(3), as he made no mistake. Significantly, this is not a case in which the Plaintiff was unable to conduct any discovery in order to learn the actual identifies of his John Doe Defendants. Discovery first commenced on July 12, 2013 and continued until January 29, 2014. It was then re-commenced on August 7, 2014. Clearly, the Plaintiff had ample time to issue discovery requests to the Defendants who had already appeared in the case in order to ascertain the actual names of his John Doe Defendants. Moreover, the Plaintiff was made aware of the fact that he was required to name Defendants by their real names. See (Doc. 33) (this Court explaining that the Plaintiff had to provide information as to who the new defendant was and what the claim against that new defendant entailed).

This does not conclude the Court's inquiry, however, because the Court must next consider whether the circumstances call for equitable tolling of the statute of limitations. "The doctrine of equitable tolling permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no

active steps to prevent him from suing. *Donald*, 95 F3d at 561 (internal citations and quotations omitted). *Donald* instructs that this Court should determine whether the balance of equities favors tolling the statute of limitations where here, as in *Donald*, the plaintiff is unrepresented and incarcerated. Id at 562. The Court finds that the balance of equities does not favor tolling the statute of limitations in this case.

As already discussed above, the Plaintiff had an ample amount of time to conduct discovery in order to correctly identify the John Doe Defendants, and he was aware of the fact that it was necessary for him to provide the names of those he sought to bring in as defendants. Nothing in the Plaintiff's Motion to Supplement or in his Reply convinces the Court that equitable tolling is necessary here. In fact, the Plaintiff's statements in his Reply that, "if I knew there was any deadlines to add Defendants I would of added them the last time I amended my complaint" indicates that he could have provided the John Doe Defendants' real names at an earlier time. This case is over two years old, the deadline to add parties and amend the complaint passed five months ago, and two of the Plaintiff's previous requests to amend his complaint were granted. This is not a case in which the Plaintiff was unable to identify the John Doe Defendants through no fault of his own. This is also not a case in which the Plaintiff's status as an unrepresented party has hindered him in seeking to amend his complaint on various occasions to include additional defendants. He did not exercise the kind of "reasonable diligence" that would outweigh the prejudice to the Defendants at this point if the Court were to now grant his Motion to Supplement. See id ("Considerations weighing in favor of equitable tolling must be balanced against the possibility of prejudice to the defendants occasioned by the delay"). Because the Plaintiff's amended complaint would not relate back to the date he filed his original Complaint, and because equitable

tolling of the statute of limitations is not called for under these circumstances, the Plaintiff's Motion to Supplement is denied.

### III

In his Motion to Compel – Motion for Extension of Discovery, the Plaintiff argues that the Defendants objected to 90% of the questions the Plaintiff sent them, and so they "did not [go] by the rules 33 [and] 36."[2] The Plaintiff also requests an extension of time "to do interrogatories and Request [sic] for Admissions on the knew [sic] Defendants." The Plaintiff's Motion to Compel – Motion for Extension of Discovery is rendered moot insofar as the Plaintiff seeks an extension of the discovery deadline to conduct discovery on the John Doe Defendants in light of the Court's ruling that the Plaintiff may not amend his Complaint. The Motion to Compel is granted in all other respects due the Defendants' failure to file any response to that Motion. See Local Rule 7.1(B)(2) ("If no response is timely filed [in opposition to a motion filed pursuant to Local Rule 7.1(B)(1)], the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties"). Therefore, the Defendants must provide the Plaintiff with their amended answers to the interrogatories and requests for admission that fully comply with Federal Rules of Civil Procedure 33 and 36 within seven days of the date of this Order.

### IV

For the reasons set forth above, the Plaintiff's Motion to Compel – Motion for Extension of Discovery (Doc. 98) is moot in part to the extent he seeks an extension of time to conduct discovery on the John Doe Defendants, and the Motion is granted in part in all other respects. The Defendants must accordingly provide the Plaintiff with their amended answers to the interrogatories and

---

[2] It is clear that the Plaintiff is referring to Federal Rule of Civil Procedure 33 (Interrogatories to Parties) and Federal Rule of Civil Procedure 36 (Requests for Admission).

requests for admission that fully comply with Federal Rules of Civil Procedure 33 and 36 within seven days of the date of this Order. The Motion to Supplement Complaint and to Add Defendants (Doc. 99) is denied in its entirety as the amendments the Plaintiff seeks to make to his Amended Complaint would be futile.

Entered on January 29, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE