IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JAMES R. BANKS,
     Plaintiff,

v.

JEFF STOLZ, *et al.*,
     Defendants.

Case No. 1:12-cv-01473-JES-JEH

## Order

Now before the Court is Defendant Stolz's, Smith's, Ujinski's, and the City of Pekin's Motion to Reconsider RE:  Order Entered January 29, 2015 (Doc. 107), the Plaintiff's Motion to Reconsider Motion to Supplement Complaint (Doc. 108), the Plaintiff's Motion to Reconsider Motion to Appoint Counsel and Oral Argument (Doc. 109), Defendant McKinney's Motion to Reconsider (Doc. 110), and the Plaintiff's Motion for Clarity and Emergency Telephone Conference with Judge (Doc. 111).  For the reasons set forth below, the Defendants' Motions to Reconsider are GRANTED, the Plaintiff's Motion to Reconsider Motion to Supplement Complaint is DENIED, the Plaintiff's Motion to Reconsider Motion to Appoint Counsel and Oral Argument is DENIED, and the Plaintiff's Motion for Clarity and Emergency Telephone Conference with Judge is GRANTED IN PART and DENIED IN PART.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit v CBI Industries*, 90 F3d 1264, 1269 (7th Cir 1996).  It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id at 1270.

## I

The procedural history relevant to the parties' Motions to Reconsider the Court's January 29, 2015 Order is sufficiently set forth in that Order (Doc. 102) and will not be restated here.  In their Motions to Reconsider, the Defendants argue that they have fully and properly responded to the Plaintiff's Interrogatories and Requests for Admission, and that the Plaintiff's Motion to Compel does not explain in what way he believed the responses were inadequate, and he did not present any argument regarding the specific objections raised by the Defendants.  Defendant McKinney additionally argues that he filed no response to the Plaintiff's hybrid Motion to Compel/Motion for Extension as he was agreeable to the relief requested by Plaintiff; namely, a court conference to discuss the written discovery.

The Defendants' Motions to Reconsider are granted to the extent that it is not possible to comply with the Court's January 29, 2015 Order given that they are unable to determine which of their discovery responses are lacking and why such responses are lacking.  Consequently, the Defendants need not provide the discovery responses requested in the Plaintiff's Motion to Compel.  However, the Court notes that the failure by the Defendants to respond to the Plaintiff's Motion to Compel was not the first time the Defendants failed to respond to a motion filed by the Plaintiff.  What the Defendants set forth in their Motions to Reconsider should have been included in responses to the Plaintiff's Motion to Compel.  Though Defendant McKinney says that he filed no response to the Plaintiff's hybrid Motion to Compel because he was agreeable to the relief requested, there were previous more substantive motions to which none of the Defendants responded.  Specifically, the Defendants did not file responses to Motions numbered 31, 53, 77, or 98 (the Motion at issue).  The Court specifically noted in the docket that responses to the Plaintiff's Motions numbered 54 and 82

were due by specific dates, and the Court did so based upon the inconsistency the Defendants previously displayed in responding to some of the Plaintiff's motions but not others. Notably, the Defendants did not file responses to any of the Plaintiff's Motions to Reconsider (which will be addressed below), including the Motion to Reconsider in which the Plaintiff requests the addition of one more defendant though the deadline for motions to add additional parties was August 15, 2014 and the Defendants have already filed Motions for Summary Judgment. Given the timing of the Plaintiff's request, it is surprising that none of the Defendants seek to challenge that request.

Here, the Defendants' Motions to Reconsider are a waste of the Court's resources and time. Based upon the foregoing, if the Defendants again fail to file responses to a motion and then file motions to reconsider after the Court rules, sanctions will be imposed. Nevertheless, the Defendants' currently pending Motions to Reconsider are granted for the reasons set forth above.

## II

### A

The first of the Plaintiff's pending Motions is his Motion to Reconsider Motion to Supplement Complaint (Doc. 108). His arguments in that Motion make clear that he misunderstood, to some extent, the Court's reasoning in its January 29, 2015 Order. First, the Plaintiff says that the Court's discussion of one of its previous orders pertained to different defendants than those (the John Doe Defendants) the Plaintiff currently seeks to add, and so he was not earlier told that he had to identify the John Does' real names. The Plaintiff misses the point of the Court's discussion of its previous Order (Doc. 33). The Court discussed that previous Order to illustrate that the Plaintiff was previously made aware of the fact that he was required to name Defendants by their real names, generally

speaking, and the Court did not limit that discussion to only particular Defendants.

The Plaintiff next argues that he is being punished by the Court and that the Court is holding him to the standards of an attorney in rejecting his attempt to now name the John Doe Defendants. The Court has ruled on each of the Plaintiff's motions based upon the record before the Court, the applicable law, and the arguments made by the parties, and has made its rulings accordingly in light of the additional fact that the Plaintiff is proceeding *pro se* in this matter. But as the Court explained in its January 29, 2015 Order, this is not a case in which the Plaintiff's status as an unrepresented party has hindered him in seeking to amend his complaint on various occasions to include additional defendants, and this is not a case in which he was not aware of his own obligation to identify defendants by their real names. The Court did not deny the Plaintiff's request to identify the John Doe Defendants because he did not measure up to the standards of an attorney in making that request. Rather, the Court denied the Plaintiff's request for the reasons set forth in the Court's January 29, 2015 Order which took into account the fact that the Plaintiff is *pro se*.

Finally, the Plaintiff argues that if the Court finds that he still has not shown good cause to add all the additional defendants he named in his Motion to Supplement Complaint, then he should be allowed to add just one of the previously identified John Doe Defendants – Nick Taylor. For the reasons set forth in the Court's January 29, 2015 Order, the Plaintiff may not add Nick Taylor as a Defendant at this late stage of the case. Because the Plaintiff has not shown that the Court committed a manifest error of law or fact in its January 29, 2015 Order, or that there is newly discovered evidence, the Plaintiff's Motion to Reconsider Motion to Supplement Complaint (Doc. 108) is denied.

**B**

The second of the Plaintiff's pending Motions is his Motion to Reconsider Motion to Appoint Counsel and Oral Argument (Doc. 109). As an initial matter, oral argument on the Motion is unnecessary. In that Motion, the Plaintiff essentially renews his previous requests for counsel. Each of the Plaintiff's three previous motions for recruitment of counsel was denied. His first motion was denied for failure to show that he made efforts to obtain counsel on his own. His subsequent motions were denied because the Court found that the Plaintiff was competent to litigate the case on his own. Specifically, in denying the Plaintiff's most recent Motion to Request Counsel on July 30, 2014, the Court explained that the Plaintiff's claims were not unduly complex, relied largely on information within his personal knowledge, and that there was nothing in the record to show that the Plaintiff had struggled to recall the facts. In his Motion to Reconsider, the Plaintiff says that he is asking the Court one last time, in good faith, for recruitment of counsel on his behalf because he has come to the conclusion mentally and emotionally that he cannot move forward, as his case is too complex, basically half of it has been dismissed, and he does not know what to do next. He says that with trial four months away, he hopes the Court will appoint an attorney to give that attorney time to prepare for trial.

The Plaintiff has presented no new evidence to indicate that the Court should now attempt to recruit counsel for him at this time. The Court already considered the submitted mental health records, and the Court has considered, each time the Plaintiff requested counsel, all available evidence bearing upon the question of whether he was competent to litigate this case himself. Though the Plaintiff has not prevailed upon every motion he filed (i.e. his Motion to Supplement Amended Complaint (Doc. 99)), he has actively participated in and litigated this case throughout discovery and now at the summary judgment

stage.  Notably, the Plaintiff timely filed his 12-page Response to the Defendants' Motions for Summary Judgment.  Therefore, for the reasons set forth in the Court's July 30, 2014 Text Order denying the Plaintiff's Motion to Request Counsel, the Plaintiff's Motion to Reconsider Motion to Appoint Counsel and Oral Argument is denied.

## C

The Plaintiff's third and final motion is his Motion for Clarity and Emergency Telephone Conference with Judge (Doc. 111).  In that Motion, the Plaintiff states that he is confused about whether the videos in support of his claim are in evidence with the Court, or whether the Defendant submitted the videos to the Court as an exhibit.  The Motion is granted to the extent the Plaintiff seeks clarification as to the video exhibits.  The Defendants submitted the video exhibit in DVD format to the Court which, as the docket indicates, is being held in the Clerk's Office conventionally in the court file.  Thus, the Court has ready access to the DVD exhibit and moreover, as the Plaintiff expects, the Court also expects that the submitted videos are the right ones given that Defendant McKinney's attorneys are officers of the Court.

As for the Plaintiff's request for the Court to hold a telephone hearing on this Motion, the Motion is denied.  Moreover, as for his reference to his Motion to Compel in his Request for Relief, that matter has been resolved in light of the Court's ruling above on the Defendants' Motions to Reconsider the Court's January 29, 2015 Order.

## III

For the reasons set forth above, Defendant Stolz's, Smith's, Ujinski's, and the City of Pekin's Motion to Reconsider RE:  Order Entered January 29, 2015 (Doc. 107) is GRANTED, the Plaintiff's Motion to Reconsider Motion to Supplement Complaint (Doc. 108) is DENIED, the Plaintiff's Motion to

Reconsider Motion to Appoint Counsel and Oral Argument (Doc. 109) is DENIED, Defendant McKinney's Motion to Reconsider (Doc. 110) is GRANTED, and the Plaintiff's Motion for Clarity and Emergency Telephone Conference with Judge (Doc. 111) is GRANTED IN PART and DENIED IN PART. The Motion is granted only insofar as the Plaintiff requested information regarding video exhibits. The Motion is denied in all other respects.

Entered on March 16, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE